**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

GARY MICHAEL PARRISH,

    Petitioner,

v.                                        CASE NO: 8:14-CV-1122-T-30EAJ
                                              Crim. Case No: 8:06-CR-335-T-30EAJ

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

THIS CAUSE comes before the Court upon Petitioner Gary Michael Parrish's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Dkt. #1) filed on May 12, 2014, and the Government's Response (Dkt. #7) filed on August 6, 2014. Upon review of the briefs and the record, the Court concludes that the Motion is due to be dismissed as time-barred.

Parrish pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). On January 9, 2007, the Court sentenced Parrish to 180 months imprisonment followed by 60 months supervised release. Parrish did not file a direct appeal. Therefore his judgment of conviction became final on January 23, 2007, when the time for filing a direct appeal ended. *Adams v. United States*, 173 F. 3d 1339, 1342 n. 2 (11th Cir. 1999) (if defendant does not pursue direct appeal, conviction becomes final when time for filing direct appeal expires).

Parrish filed his Motion to Vacate on May 12, 2014, more than seven years after his conviction became final. Parrish contends his Motion should be considered timely because he filed it within one year of the Supreme Court's decision in *Descamps v. United States*, 133 S.Ct. 2276 (2013) and the Eleventh Circuit's decision in *Donawa v. U. S. Attorney General*, 735 F. 3d 1275 (11th Cir. 2013).

*Descamps* was decided June 20, 2013, and since Parrish's Motion was filed May12, 2014, it would be timely if *Descamps* asserts a new right and the Supreme Court has made it retroactively applicable to cases on collateral review as required by 28 U.S.C. § 2255. That statute provides in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;

*Descamps* did not involve a newly recognized right. It clarified the law about how to determine whether a prior conviction is for a violent felony. Specifically, it stated:

> The Armed Career Criminal Act (ACCA) or Act), 18 U.S.C. § 924(e), increases the sentences of certain federal defendants who have three prior convictions "for a violent felony," including "burglary, arson, or extortion." To determine whether a past conviction is for one of those crimes, courts use what has become known as the "categorical approach": They compare the elements of the statute forming the basis of the defendant's conviction with the elements of the "generic" crime – i.e., the offense as commonly understood. The prior conviction qualifies as an ACCA predicate only if the statute's elements are the same as, or narrower than, those of the generic offense.
>
> We have previously approved a variant of this method – labeled (not very inventively) the "modified categorical approach" -- when a prior conviction is for violating a so-called "divisible statute." That kind of statute sets out one

> or more elements of the offense in the alternative – for example, stating that burglary involves entry into a building *or* an automobile. If one alternative (say, a building) matches an element in the generic offense, but the other (say, an automobile) does not, the modified categorical approach permits sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction. The court can then do what the categorical approach demands: compare the elements of the crime of conviction (including the alternative element used in the case) with the elements of the generic crime.
>
> This case presents the question whether sentencing courts may also consult those additional documents when a defendant was convicted under an "indivisible" statute – i.e., one not containing alternative elements – that criminalizes a broader swath of conduct than the relevant generic offense. That would enable a court to decide, based on information about a case's underlying facts, that the defendant's prior conviction qualifies as an ACCA predicate even though the elements of the crime fail to satisfy our categorical test. Because that result would contravene our prior decisions and the principles underlying them, we hold that sentencing courts may not apply the modified categorical approach when the crime of which the defendant was convicted has a single, indivisible set of elements.

*Descamps*, 133 S. Ct. 2276, 2281-82 (2013).

In addition, *Descamps* has not been made retroactive by the Supreme Court. *See Reed v. United States*, 2013 W.L. 5567703 (M.D. Fla. 2013). This declaration of retroactivity may come only from the Supreme Court. As the Supreme Court itself has explained:

> Quite significantly, under this provision, the Supreme Court is the only entity that can "ma[k]e" a new rule retroactive. The new rule becomes retroactive, not by the decisions of the lower court or by the combined action of the Supreme Court and the lower courts, but simply by the action of the Supreme Court.
>
> The only way the Supreme Court can, by itself, "lay out and construct" a rule's retroactive effect, or "cause" that effect "to exist, occur, or appear," is through a holding. The Supreme Court does not "ma[k]e" a rule retroactive when it merely establishes principles of retroactivity and leaves the application of those principles to lower courts. In such an event, any legal conclusion that is derived from the principles is developed by the lower court (or perhaps by a

combination of courts), not by the Supreme Court. We thus conclude that a new rule is not "made retroactive to cases on collateral review" unless the Supreme Court holds it to be retroactive.

*Tyler v. Cain*, 121 S. Ct. 2478, 2782 (2001). Since *Descamps* neither recognized a new right nor made one retroactively applicable, that case does not render Parrish's Petition timely under 28 U.S.C. § 2255.

Parrish also relies on *Donawa v. U. S Attorney General*, 735 F. 3d 1275 (11th Cir. 2013) to render his Motion timely. This reliance fails. *Donawa* is an Eleventh Circuit opinion and only the United States Supreme Court can make a new right retroactively applicable to 28 U.S.C. § 2255 petitions.

## **Conclusion**

Since neither *Descamps* nor *Donawa* assert a right initially recognized by the Supreme Court, and made retroactively applicable by it, the Petition is untimely and must be dismissed.

It is therefore ORDERED AND ADJUDGED that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Dkt. #1) is DISMISSED as time-barred.

2. The Clerk is directed to terminate any pending motions and close this case.

3. The Clerk is directed to terminate from pending status the motion to vacate found at Dkt.#23, in the underlying criminal case, case number 8:06-cr-335-T-30EAJ.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE** and **ORDERED** in Tampa, Florida on September 24, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

F:\Docs\2014\14-cv-1122 deny 2255.wpd